1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10
11

| | |
|---|---|
| CITIZENS OF HUMANITY, LLC, a Delaware limited liability company, | Case No. 2:15-cv-7243-PSG (FFMx)<br>Hon. Philip S. Gutierrez<br>Magistrate Judge Frederick F. Mumm |
| Plaintiff, | **PROTECTIVE ORDER** |
| vs. | |
| JOE'S JEANS, INC., a Delaware corporation, DOES 1-10, | |
| Defendants. | |

19

## **PROTECTIVE ORDER**

20          The Court, finding that the order requested by the parties is proper and

21 desirable in the circumstances of this case, and good cause appearing therefore,

22 pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, makes the following

23 Order for the benefit of all parties and witnesses to govern the course of the

24 proceedings in this case:

25          1.     <u>DEFINITIONS</u>.

26          1.1     <u>Party</u>:  any party to this action, including all of its officers, directors,

27 employees, consultants, retained experts, and outside counsel (and their support

28 staff).

1

1.2 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

1.3 <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

1.4 <u>"Highly Confidential -- Outside Counsel Only" Information or Items</u>:  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

1.5 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

1.6 <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

1.7. <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential -- Outside Counsel Only."

1.8 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential -- Outside Counsel Only."

1.9 <u>Outside Counsel</u>:  Attorneys (as well as their support staffs) who are retained to represent or advise a Party in this action.

1.10 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.  The expert witness or consultant may not be a past or a current employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert

witness or consultant, or someone who at the time of retention is anticipated to become an employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant.  Moreover, the expert witness or consultant may not be a current employee or anticipated to become an employee of any entity who is a competitor of the Party adverse to the Party engaging the expert witness or consultant.

   1.11 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

  2. <u>SCOPE</u>.

  The protections conferred by this Protective Order Governing Discovery cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.  This Protective Order Governing Discovery does not confer blanket protections on all disclosures or responses to discovery.  The protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

  3. <u>DURATION</u>.

  Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

  4. <u>DESIGNATING PROTECTED MATERIAL</u>.

   4.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific

3

1   material that qualifies under the appropriate standards.  A Designating Party must

2   take care to designate for protection only those parts of material, documents, items,

3   or oral or written communications that qualify -- so that other portions of the

4   material, documents, items, or communications for which protection is not

5   warranted are not swept unjustifiably within the ambit of this Order.

6          Mass, indiscriminate, or routinized designations are prohibited.

7   Designations that are shown to be clearly unjustified, or that have been made for an

8   improper purpose (e.g., to unnecessarily encumber or retard the case development

9   process, or to impose unnecessary expenses and burdens on other parties), expose

10  the Designating Party to sanctions.

11         If it comes to a Party's or a non-party's attention that information or

12  items that it designated for protection do not qualify for protection at all, or do not

13  qualify for the level of protection initially asserted, that Party or non-party must

14  promptly notify all other parties that it is withdrawing the mistaken designation.

15         4.2     Manner and Timing of Designations.  Except as otherwise

16  provided in this Order (see, e.g., second paragraph of section 4.2(a), below), or as

17  otherwise stipulated or ordered, material that qualifies for protection under this

18  Order must be clearly so designated before the material is disclosed or produced.

19         Designation in conformity with this Order requires:

20              (a)     for information in documentary form (apart from

21  transcripts of depositions or other pretrial or trial proceedings), that the Producing

22  Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --

23  OUTSIDE COUNSEL ONLY" at the top or bottom of each page that contains

24  protected material.  If only a portion or portions of the material on a page qualifies

25  for protection, the Producing Party also must clearly identify the protected portion(s)

26  (e.g., by making appropriate markings in the margins) and must specify, for each

27  portion, the level of protection being asserted (either "CONFIDENTIAL" or

28  "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY").

1    A Party or non-party that makes original documents or materials

2 available for inspection need not designate them for protection until after the

3 inspecting Party has indicated which material it would like copied and produced.

4 During the inspection and before the designation, all of the material made available

5 for inspection shall be deemed "HIGHLY CONFIDENTIAL -- OUTSIDE

6 COUNSEL ONLY."  After the inspecting Party has identified the documents it

7 wants copied and produced, the Producing Party must determine which documents,

8 or portions thereof, qualify for protection under this Order, then, before producing

9 the specified documents, the Producing Party must affix the appropriate legend

10 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL

11 ONLY") at the top or bottom of each page that contains Protected Material.  If only

12 a portion or portions of the material on a page qualifies for protection, the Producing

13 Party also must clearly identify the protected portion(s) (e.g., by making appropriate

14 markings in the margins) and must specify, for each portion, the level of protection

15 being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --

16 OUTSIDE COUNSEL ONLY").

17    (b)    for testimony given in deposition, that the Party or non-

18 party offering or sponsoring the testimony identify on the record, before the close of

19 the deposition, all protected testimony, and further specify any portions of the

20 testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --

21 OUTSIDE COUNSEL ONLY."  When it is impractical to identify separately each

22 portion of testimony that is entitled to protection, and when it appears that

23 substantial portions of the testimony may qualify for protection, the Party or non-

24 party that sponsors, offers, or gives the testimony may invoke on the record (before

25 the deposition is concluded) a right to have up to 20 days to identify the specific

26 portions of the testimony as to which protection is sought and to specify the level of

27 protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --

28 OUTSIDE COUNSEL ONLY").  Only those portions of the testimony that are

1  appropriately designated for protection within the 20 days shall be covered by the

2  provisions of this Protective Order Governing Discovery.

3                     Deposition transcript pages containing Protected Material must

4  be separately bound by the court reporter, who must affix to the top of each such

5  page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- OUTSIDE

6  COUNSEL ONLY," as instructed by the Party or nonparty offering or sponsoring

7  the witness or presenting the testimony.

8                     (c)      for information produced in some form other than

9  documentary, and for any other tangible items, that the Producing Party affix in a

10 prominent place on the exterior of the container or containers in which the

11 information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

12 CONFIDENTIAL -- OUTSIDE COUNSEL ONLY."  If only portions of the

13 information or item warrant protection, the Producing Party, to the extent

14 practicable, shall identify the protected portions, specifying whether they qualify as

15 "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL

16 ONLY."

17                 4.3     Inadvertent Failures to Designate.  If timely corrected, an

18 inadvertent failure to designate qualified information or items as

19 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL

20 ONLY" does not, standing alone, waive the Designating Party's right to secure

21 protection under this Order for such material.  If material is appropriately designated

22 as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL

23 ONLY" after the material was initially produced, the Receiving Party, on timely

24 notification of the designation, must make reasonable efforts to assure that the

25 material is treated in accordance with the provisions of this Order.

26          5.     CHALLENGING CONFIDENTIALITY DESIGNATIONS.

27                 5.1     Timing of Challenges.  Unless a prompt challenge to a

28 Designating Party's confidentiality designation is necessary to avoid foreseeable

1   substantial unfairness, unnecessary economic burdens, or a later significant

2   disruption or delay of the litigation, a Party does not waive its right to challenge a

3   confidentiality designation by electing not to mount a challenge promptly after the

4   original designation is disclosed.

5          5.2   Procedure For Challenging Designation.  A Party that elects to

6   initiate a challenge to a Designating Party's confidentiality designation must do so

7   by the procedure set forth in Local Rule 37.  Until the Court rules on the challenge,

8   all parties shall continue to afford the material in question the level of protection to

9   which it is entitled under the Producing Party's designation.

10         5.3   Procedure -- Requesting Permission to Disclosure HIGHLY

11  CONFIDENTIAL -- OUTSIDE COUNSEL ONLY Materials to Party.  If a Party's

12  Outside Counsel determines that his or her ability to provide the Party with a full

13  and robust representation in this matter has been hindered because the Outside

14  Counsel is unable to disclose information that has been designated HIGHLY

15  CONFIDENTIAL -- OUTSIDE COUNSEL ONLY to that Party, Outside Counsel

16  may seek permission to disclose the information to that Party by the procedure set

17  forth in Local Rule 37.  Until the Court rules on the challenge, all parties shall

18  continue to afford the material in question the level of protection to which it is

19  entitled under the Producing Party's designation.

20     6.    ACCESS TO AND USE OF PROTECTED MATERIAL.

21         6.1   Basic Principles.  A Receiving Party may use Protected Material

22  that is disclosed or produced by another Party or by a non-party in connection with

23  this case only for prosecuting, defending, or attempting to settle this litigation.  Such

24  Protected Material may be disclosed only to the categories of persons and under the

25  conditions described in this Order.  When the litigation has been terminated, a

26  Receiving Party must comply with the provisions of section 10, below (FINAL

27  DISPOSITION).

28  / / /

1   Protected Material must be stored and maintained by a Receiving Party

2   at a location and in a secure manner that ensures that access is limited to the persons

3   authorized under this Order.

4   6.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless

5   otherwise ordered by the court or permitted in writing by the Designating Party, a

6   Receiving Party may disclose any information or item designated CONFIDENTIAL

7   only to:

8   (a)   the Receiving Party's Outside Counsel and in-house

9   counsel, as well as employees of said Outside Counsel and in-house counsel to

10   whom it is reasonably necessary to disclose the information for this litigation;

11   (b)   Board members, officers and directors of the Receiving

12   Party who have agreed in writing to be bound by this Order;

13   (c)   Other employees of the Receiving Party to whom

14   disclosure is reasonably necessary for this litigation and who have agreed in writing

15   to be bound by this Order;

16   (d)   Experts (as defined in this Order) of the Receiving Party to

17   whom disclosure is reasonably necessary for this litigation and who have agreed in

18   writing to be bound by this Order;

19   (e)   the Court and its personnel;

20   (f)   court reporters, their staffs, and professional vendors to

21   whom disclosure is reasonably necessary for this litigation and who have agreed in

22   writing to be bound by this Order;

23   (g)   during their depositions, witnesses in the action to whom

24   disclosure is reasonably necessary and who have agreed in writing to be bound by

25   this Order.  Pages of transcribed deposition testimony or exhibits to depositions that

26   reveal Protected Material must be separately bound by the court reporter and may

27   not be disclosed to anyone except as permitted under this Protective Order

28   Governing Discovery.

1            (h)    the author and recipients of the document or the original

2    source of the information.

3            6.3    Disclosure of "HIGHLY CONFIDENTIAL -- OUTSIDE

4    COUNSEL ONLY" Information or Items.  Unless otherwise ordered by the court or

5    permitted in writing by the Designating Party, a Receiving Party may disclose any

6    information or item designated "HIGHLY CONFIDENTIAL -- OUTSIDE

7    COUNSEL ONLY" only to:

8            (a)    the Receiving Party's Outside Counsel, as well as

9    employees of said Outside Counsel to whom it is reasonably necessary to disclose

10   the information for this litigation;

11           (b)    Experts (as defined in this Order) of the Receiving Party to

12   whom disclosure is reasonably necessary for this litigation and who have agreed in

13   writing to be bound by this Order;

14           (c)    the Court and its personnel;

15           (d)    court reporters, their staffs, and professional vendors to

16   whom disclosure is reasonably necessary for this litigation and who have agreed in

17   writing to be bound by this Order; and

18           (e)    the author and recipients of the document or the original

19   source of the information.

20       7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED

21   PRODUCED IN OTHER LITIGATION.

22           If a Receiving Party is served with a subpoena or an order issued in

23   other litigation that would compel disclosure of any information or items designated

24   in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- OUTSIDE

25   COUNSEL ONLY," the Receiving Party must so notify the Designating Party, in

26   writing (by fax, if possible) immediately and in no event more than three court days

27   after receiving the subpoena or order.  Such notification must include a copy of the

28   subpoena or court order.  The Receiving Party also must immediately inform in

writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order Governing Discovery promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material -- and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order Governing Discovery, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to agree in writing to be bound by this Order

9.   <u>FILING PROTECTED MATERIAL</u>.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.

/ / /

/ / /

10.   <u>FINAL DISPOSITION</u>.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION), above.

11.   <u>MISCELLANEOUS</u>.

11.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order Governing Discovery no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order Governing Discovery.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11

1          11.3  <u>Inadvertent Production of Privileged Documents</u>.  If a Party,

2   through inadvertence, produces any document or information that it believes is

3   immune from discovery pursuant to an attorney-client privilege, the work product

4   privilege, or any other privilege, such production shall not be deemed a waiver of

5   any privilege, and the Producing Party may give written notice to the Receiving

6   Party that the document or information produced is deemed privileged and that

7   return of the document or information is requested.  Upon receipt of such notice, the

8   Receiving Party shall immediately gather the original and all copies of the document

9   or information of which the Receiving Party is aware, in addition to any abstracts,

10   summaries, or descriptions thereof, and shall immediately return the original and all

11   such copies to the Producing Party.  Nothing stated herein shall preclude a Party

12   from challenging an assertion by the other Party of privilege or confidentiality.

13          12.    The provisions of this Protective Order are subject to further Court

14   order based upon public policy and other considerations.

15          13.    Without separate and subsequent Court order, this Protective Order

16   does not change, amend, or circumvent any Court rule or Local Rule.

17

18   Dated:  May 17, 2016

19

20             /S/ FREDERICK F. MUMM
          FREDERICK F. MUMM

21             United States Magistrate Judge

22

23

24

25

26

27

28